United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Vincenzo and Tracy Jean Salinitro,　　　　　　　　　　　Case No. 05-76090-R
　　　　　　Debtors.　　　　　　　　　　　　　　　　　Chapter 7
_____/

Stuart A. Gold,
　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 06-4087

New Century Mortgage Corp.,
　　　　　　Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

This matter is before the Court on the trustee's motion for partial summary judgment. New Century Mortgage filed a response and a cross-motion for summary judgment. The Court conducted a hearing on September 18, 2006, and took the matter under advisement.

I.

On April 13, 2005, the debtors purchased a home at 8073 Whitefield, Dearborn, MI for $163,000. The debtors obtained two loans from New Century in the amounts of $130,400 and $32,600. The debtors executed first and second mortgages in those amounts in favor of New Century.

The debtors filed their chapter 7 petition on October 7, 2005. At the time they filed their petition, the second mortgage had not yet been recorded. It was not recorded until February 21, 2006.

The trustee filed this adversary complaint against New Century on January 17, 2006. In Count I of the complaint, the trustee asserts that the second mortgage should be avoided under 11 U.S.C. §§ 544(a)(1), (a)(3) and 550(a) and preserved for the benefit of the estate under § 551. Alternatively, the trustee seeks a money judgment in the amount of $32,600 pursuant to §§ 544(a)(1), (a)(3) & 550(a).

## II.

In his motion for summary judgment, the trustee makes two requests. First, he contends that he is entitled to avoid the second mortgage pursuant to § 544(a)(3), because it was unrecorded at the time the petition was filed. Second, he asserts that he is entitled to a money judgment for the amount of the second mortgage because the cost of selling the property will adversely impact the net recovery to the estate. The trustee argues that the recovery he seeks will permit the debtors to remain in their home and the mortgage company to retain its lien.

New Century does not respond directly to the trustee's § 544(a)(3) claim. However, New Century does contend that the trustee should not be able to avoid the second mortgage because doing so will not benefit the estate. New Century asserts that after selling the home and paying the first mortgage and closing costs, there would be no proceeds available for distribution to unsecured creditors.

New Century further contends that there is no basis for awarding the trustee a money judgment because § 550(a) provides that the trustee may recover the property transferred, which is the mortgage. It notes that there was no transfer of money for the trustee to recover and argues that awarding the trustee a money judgment would result in a windfall to the trustee. It also argues that § 550 was not intended to apply to transfers of security interests in real property.

III.

As noted, New Century does not assert any legal defense to the trustee's claim that the second mortgage is avoidable under 11 U.S.C. § 544(a)(3). That section provides that if a hypothetical bona fide purchaser can avoid a mortgage, then the trustee may avoid the mortgage. *Simon v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1024 (6th Cir. 2001). In Michigan, a mortgage that is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of such real estate whose conveyance is recorded before such mortgage. M.C.L. § 565.29. Because the second mortgage was not recorded when the bankruptcy petition was filed, it is avoided pursuant to § 544(a)(3).

New Century does make the equitable argument that the trustee should not be permitted to pursue the avoidance of the second mortgage because it will not result in any significant benefit to the estate. In effect, this is an argument that the trustee should abandon the claim under § 554(b). The Court must reject this argument for two reasons. First, the procedures for seeking abandonment relief have not been followed. Fed. R. Bankr. P. 6007(b); L.B.R. 9014-1 (E.D. Mich.). Second, and more importantly, the record does not establish that avoiding the mortgage will be of inconsequential benefit to the estate. The best way to determine the value of the property is to market it, which the trustee has not yet commenced. Nevertheless, assuming that the debtors' estimate of $160,000 in schedule A is reasonably accurate and that the first mortgage is still approximately $130,400, there is equity of $29,600.00. If the closing costs and administrative expenses are 10% ($16,000), the trustee could realize $13,600 for the estate. This certainly is not an inconsequential benefit.

Accordingly, the Court concludes that the trustee is entitled to a summary judgment avoiding the second mortgage under § 544(a)(3).

IV.

The trustee contends that upon avoidance of the mortgage, § 550(a) is applicable and that he is therefore entitled to a money judgment for the amount of the mortgage. That section provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). The trustee asserts that under that section, he is entitled to recover a money judgment for the value of the mortgage.

The Court concludes that § 550(a) does not apply. In *Suhar v. Burns* (*In re Burns*), 322 F.3d 421 (6th Cir. 2003), the trustee brought an adversary proceeding to avoid a mortgage on property owned by the debtors on the ground the mortgage was not properly witnessed. The mortgage company argued that even though the mortgage was avoidable under § 544(a)(3), it was entitled to a replacement lien under § 550(e).[1] The bankruptcy court rejected this argument and held that § 550

---

[1] 11 U.S.C. § 550(e) provides:

> (1) A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of--
>
>> (A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and

4

applies only to cases in which the trustee attempts to recover property or the value of property. Because the trustee had only sought to avoid the lien, § 550 and its defenses were inapplicable. The BAP affirmed this decision, concluding that when the trustee avoided the transfer under § 544, the mortgage was immediately preserved for the benefit of the estate and became property of the estate under § 541(a)(4). Therefore, there was no basis for the trustee to resort to the recovery provisions of § 550, and the defenses of § 550(e) were unavailable.

On appeal, the Sixth Circuit agreed, holding that the avoided mortgage interest is automatically preserved for the benefit of the estate pursuant to § 551. Therefore, the trustee did not need to seek recovery under § 550(a) and a lien under § 550(e) was unavailable. *Id*. at 427. The court noted:

> We recognize that under our interpretation, many cases will turn on whether a particular creditor's interest in the debtor's property, prior to that interest being avoided, was possessory or nonpossessory. In the case of creditors who have possessory interests in the debtor's property, the trustee will generally have to pursue recovery, because mere avoidance would not bring the property back into the estate's possession. In contrast, in cases involving creditors such as IMC who have nonpossessory interests in the debtor's property, trustees will generally not have to seek recovery, and the creditors will not be entitled to any of the § 550(e) protections.

*Id.* at 428.

Likewise, in *Yoppolo v. Liberty Mortgage* (*In re Morgan*), 276 B.R. 785 (Bankr. N.D. Ohio 2001), the court discussed the remedies available following avoidance. The court stated:

---

(B) any increase in the value of such property as a result of such improvement, of the property transferred.

5

> [T]he statutory scheme set up by Congress to handle post avoidance issues specifically delineates between possessory and nonpossessory transfers of interests in property. To understand this differentiation, one must first understand that when a trustee avoids a transfer of property, the avoidance merely terminates the transferee's legal rights in the property vis-a-vis the trustee; the avoidance of the property interest, however, does nothing to put the bankruptcy estate in possession of the property. *In re Pearson Indus., Inc.,* 178 B.R. at 759 (Bankr. C.D. Ill. 1995). As a consequence, in order to bring the value of the transfer just avoided within the purview of the bankruptcy estate, a bankruptcy trustee must look to other statutory sections. In this regard, 550 permits a trustee to recover transfers of property that were avoided, while § 551 "preserves" such transfers for the benefit of the estate. The very nature of these sections, however, is dependent on whether the interest the trustee avoided was possessory or nonpossessory. *See In re Greater Southeast Community Hosp. Found., Inc.,* 237 B.R. 518, 526 fn.15 (Bankr. D.C. 1999) (an avoided transfer is recovered under § 550 and if the transfer involved the creation of a lien, that lien is preserved under § 551). In particular, preservation under § 551 is, by its very nature, only applicable to nonpossessory interests, namely liens. In fact, as pointed out by the bankruptcy court in *In re Blanks,* 64 B.R. 467, 469 (Bankr. E.D.N.C. 1986), the very purpose of § 551 is to prevent junior lien holders from improving their position at the expense of the estate when a senior lien is avoided. On the other hand, the very concept of "recovery" imparts the notion that a possessory interest in property exists; that is, the property to be recovered must be tangible property. The reason for this is self-evident: when a nonpossessory interest in property is avoided, there is nothing left to recover. Accordingly, in light of the foregoing analysis, it is the position of this Court that to afford those creditors, who hold avoided nonpossessory interests in property, the defenses to recovery provided in § 550, would bypass the Bankruptcy Code's statutory scheme for handling such matters.

*Id*. at 791-92 (footnote omitted). *See also Eisen v. Allied Bancshares Mortgage Corp. LLC* (*In re Priest*), 268 B.R. 135 (Bankr. N.D. Ohio 2000) (§ 550 does not apply to avoided mortgage.); *Hendon v. G.E. Capital Mortgage Servs., Inc.,* (*In re Carpenter*), 266 B.R. 671 (Bankr. E.D. Tenn. 2001) ("Once [the mortgage is avoided,] the interest is preserved for the estate's benefit and protection by § 551 and becomes property of the estate pursuant to § 541(a)(4). . . . . Section 550 is simply not

6

implicated . . . ."); *Glanz v. RJF Int'l Corp.* (*In re Glanz*), 205 B.R. 750, 758 (Bankr. D. Md. 1997) ("[A]voidance of the unperfected lien pursuant to § 544(a) is a meaningful event in and of itself, and requires no further action to be taken by the debtor. There is simply nothing to 'recover' under § 550(a) . . . .").

The Court agrees with the reasoning of these cases and thus concludes that upon avoidance of the mortgage, it is preserved for the benefit of the estate and there is nothing for the trustee to recover under § 550(a). Accordingly, the trustee's motion for summary judgment requesting a money judgment is denied and New Century's motion for summary judgment on this claim is granted.


FOR PUBLICATION


**Signed on October 31, 2006**

                                                                                 /s/ Steven Rhodes
                                                                                 **Steven Rhodes**
                                                                                 **Chief Bankruptcy Judge**